MATTHEW G. BAGLEY (6820)
6141 W. INDIAN PONY WAY
HERRIMAN, UT 84096
TELEPHONE: (801) 819-5686
ATTORNEY FOR PLAINTIFF

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH**

| | | |
|---|---|---|
| Jessica Wignall,<br><br>Plaintiff,<br><br>v.<br><br>MRV Banks; Experian Information Solutions, Inc.; and Equifax Information Services, LLC,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Complaint for a Civil Case**<br><br>Case No. 2:24-cv-692<br><br>**JURY TRIAL DEMAND** |

## INTRODUCTION

1. This action arises out of Defendants' violations of the Fair Credit Reporting Act ("FCRA") whereby Plaintiff discovered inaccurate information reporting on Plaintiff's consumer credit report, disputed that inaccurate information, and Defendants willfully or negligently refused to correct the inaccurate information on Plaintiff's consumer credit report, thereby damaging Plaintiff.

## PARTIES

2. Plaintiff is, and was at all times hereinafter mentioned, a resident of Salt Lake County, Utah.

3. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined

by 15 U.S.C. §1681(a)c.

4. Defendant, MRV Banks, (hereinafter "MRV") is a corporation existing and operating under the laws of the State of Utah and is a financial institution and a furnisher of consumer credit information to consumer reporting agencies.

5. At all times pertinent hereto, MRV was a "person" as that term is defined in 15 U.S.C. §1681a(b) and also a "furnisher" of credit information as that term is described in 15 U.S.C. §1681s-2 *et seq.*

6. Defendant, Experian Information Solutions, Inc., ("Experian") is a credit reporting agency, licensed to do business in Utah.

7. Defendant, Equifax Information Services, LLC, ("Equifax") is a credit reporting agency, licensed to do business in Utah.

8. Defendant Experian and Equifax are, and at all times relevant hereto were, regularly doing business in the State of Utah.

9. Experian and Equifax are regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681d, to third parties.

10. Experian and Equifax furnish such consumer reports to third parties under contract for monetary compensation.

11. At all times pertinent hereto, Defendant Experian and Equifax were a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

## JURISDICTION AND VENUE

12. This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p, the Fair Credit Reporting Act ("FCRA").

13. Venue is proper in this district pursuant to 28 U.S.C. §1391(b), and as the Plaintiff resides in and the injury occurred in Salt Lake County, Utah, and Defendants do business in Utah.

14. Personal jurisdiction exists over Defendants as Plaintiff resides in Utah, Defendants have the necessary minimum contacts with the state of Utah, and this suit arises out of specific conduct with Plaintiff in Utah.

## FACTUAL ALLEGATIONS

15. Plaintiff is a consumer who is the victim of inaccurate reporting by Defendants MRV, Experian, and Equifax (collectively, "Defendants"), and has suffered particularized and concrete harm.

16. Defendants Experian and Equifax are two of the largest consumer reporting agencies ("CRAs") as defined by 15 U.S.C. §1681a(f).

17. The CRAs' primary business is the sale of consumer reports (commonly referred to as "credit reports") to third parties and consumers.

18. Defendants Experian and Equifax each have a duty, under the FCRA, to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681e(b).

19. After reviewing Plaintiff's consumer credit reports Plaintiff discovered her MRV account (the "Account") being reported in error – specifically the Account is reporting with an account status of "Charged Off" and an account designation that it was "transferred or sold".

20. The Account status of Charged Off, and designation that it was transferred or sold is inaccurate because the Account was formally discharged through Plaintiff's Chapter 7 Bankruptcy.

21. Because the Account was discharged in Plaintiff's bankruptcy, Plaintiff no longer owes the debt tied to the Account.

22. The reporting of the Account as Charged Off with a designation that it was transferred or sold is misleading and not accurate.

23. The incorrect Account status and designation imply that the debt tied to the Account is still outstanding and owed by Plaintiff.

24. The inaccurate Account has become a permanent component of Plaintiff's credit

profile and is reported to those who ask to review Plaintiff's credit history.

25. The false information regarding the Account appearing on Plaintiff's consumer reports harms Plaintiff because it does not accurately depict Plaintiff's credit history and creditworthiness.

**PLAINTIFF'S WRITTEN DISPUTE**

26. Plaintiff sent a written dispute to Defendant Experian ("Experian Dispute"), disputing the inaccurate information regarding the Account reporting on Plaintiff's Experian consumer report.

27. Plaintiff sent a written dispute to Defendant Equifax ("Equifax Dispute"), disputing the inaccurate information regarding the Account reporting on Plaintiff's Equifax consumer report.

28. Despite the clarity and detail provided in the Experian Dispute and Equifax Dispute (together, the "Written Disputes"), the Account continued to appear on Plaintiff's Experian and Equifax consumer reports with an incorrect account status and designation.

29. Upon information and belief, Defendants Experian and Equifax forwarded Plaintiff's Written Disputes to Defendant MRV.

30. Upon information and belief, Defendant MRV received notification of Plaintiff's Written Disputes from Defendants Experian and Equifax.

31. Defendant MRV did not conduct an investigation, contact Plaintiff, contact third parties, or review underlying Account information with respect to the disputed information and the accuracy of the MRV Account.

32. Defendants Experian and Equifax did not conduct an investigation, contact Plaintiff, contact third parties, or review underlying account information with respect to the disputed information and the accuracy of the Account.

33. Upon information and belief, Defendant MRV failed to instruct Defendants Experian and Equifax to remove the false information regarding the Account reporting on Plaintiff's consumer report.

34. Defendants Experian and Equifax each employed an investigation process that was not reasonable and did not remove the false information regarding the Accounts identified in Plaintiff's Written Disputes.

35. At no point after receiving the Written Disputes did Defendants MRV, and/or Experian and Equifax communicate with Plaintiff to determine the veracity and extent of Plaintiff's Written Disputes.

36. Defendants Experian and Equifax relied on their own judgment and the information provided to them by Defendant MRV rather than grant credence to the information provided by Plaintiff.

37. Defendants Experian and Equifax published the false information regarding the Account to third parties.

## COUNT I – EXPERIAN AND EQUIFAX

### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)

38. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

39. After receiving the Written Disputes, Defendants Experian and Equifax failed to correct the false information regarding the Account reporting on Plaintiff's consumer reports.

40. Defendants Experian and Equifax each violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

41. As a result of this conduct, action and/or inaction of Defendants Experian and Equifax, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

42. Defendants Experian and Equifax's conduct, action, and/or inaction was willful, thereby rendering Experian and Equifax liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

43. In the alternative, Defendants Experian and Equifax were each negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

44. Plaintiff is entitled to recover costs and attorneys' fees from Defendants Experian and Equifax, pursuant to 15 U.S.C. §1681n and/or §1681o.

**COUNT II – EXPERIAN AND EQUIFAX**

FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681(i)

45. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

46. After receiving the Written Disputes, Defendants Experian and Equifax failed to correct the false information regarding the Account reporting on Plaintiff's consumer reports.

47. Defendants Experian and Equifax violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files, and by failing to provide Plaintiff with a description of their procedures used to determine the accuracy and completeness of the disputed information.

48. As a result of this conduct, action and/or inaction of Defendants Experian and Equifax, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

49. Defendants Experian and Equifax's conduct, action, and/or inaction was willful, thereby rendering Experian and Equifax liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

50. In the alternative, Defendants Experian and Equifax were each negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

51. Plaintiff is entitled to recover costs and attorneys' fees from Defendants Experian and Equifax pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT III – MRV

(Fair Credit Reporting Act Violation – 15 U.S.C. §1681s-2(b))

52. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

53. After receiving the Written Disputes, Defendant MRV failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

54. Defendant MRV violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's disputes of MRV's representations; by failing to review all relevant information regarding Plaintiff's disputes; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of MRV's representations to consumer credit reporting agencies, among other unlawful conduct.

55. As a result of this conduct, action, and/or inaction of Defendant MRV, Plaintiff suffered damages, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

56. Defendant MRV's conduct, action, and/or inaction was willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

57. In the alternative, Defendant MRV was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

58. Plaintiff is entitled to recover costs and attorney's fees from Defendant MRV pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks statutory remedies as defined by 15 U.S.C. § 1681 and demands:

A. Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

B. Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendants' willful violations;

C. The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

D. Any further legal and equitable relief as the court may deem just and proper in the circumstances.

Dated: September 20, 2024

*/s/ Matthew G. Bagley*
Matthew G. Bagley